IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZURICH CAPITAL MARKETS INC., et al., | ) ) ) |
| Plaintiffs, | ) No. 03 C 7960 ) |
| v. | ) ) |
| MICHAEL COGLIANESE, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Petitioner Wayne J. Aranha, solely as Official Liquidator of M.J. Select Global, Ltd. (the "Liquidator") moves to intervene in an action Plaintiffs Zurich Capital Markets Inc., ZCM Matched Funding Corp., ZCM Asset Holding Company (Bermuda) Limited, and ZCM Asset Holding Company LLC (collectively, "ZCM") brought against Defendants Millennium Fund I, Ltd. ("Millennium") and Relms Limited ("Relms")[1] alleging a fraudulent investment scheme in connection with the purchase of shares of M.J. Select Global, Ltd. ("M.J. Select"), a Bahamian mutual fund. The Liquidator's motion seeks leave to intervene and to file the Intervention-Plaintiff's Complaint for Declaratory Judgement Against Intervention-Defendants[2] ("Intervention Complaint") and the Objection to ZCM's Motion for Entry of Default Judgment against Millennium and Relms ("Opposition Motion"). For the reasons set forth below, the

---

[1] ZCM's Second Amended Complaint asserts various causes of action against multiple Defendants. The Liquidator, however, only seeks to intervene in ZCM's claims against Millennium and Relms.

[2] The Liquidator defines the Intervention-Defendants as ZCM, Millennium and Relms.

Court grants the Liquidator's motion to intervene.

## BACKGROUND

**I.    Procedural History**

On November 7, 2003, ZCM filed the Complaint with the Court alleging violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), Rule 10b-5 promulgated thereunder, the Investment Advisers Act of 1940, 15 U.S.C. §§ 80b-6 and 80b-15, and various state law claims against Defendants, including Millennium and Relms.[3] On December 1, 2003, ZCM filed the Amended Complaint. Millennium, Relms and other Defendants (collectively, the "Landmark Defendants") subsequently moved to dismiss the Amended Complaint. On August 2, 2004, the Court granted in part and denied in part the Landmark Defendants' motion to dismiss, granting ZCM leave to replead its claims. On November 22, 2004, ZCM filed the Second Amended Complaint. The Second Amended Complaint alleges the following claims against Millennium and Relms: (1) a violation of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder against Millennium (Count IV); (2) a violation of Section 20(a) of the Exchange Act against Relms (Count V); (3) a breach of investment advisory contracts against Millennium (Count VI); (4) conspiracy to defraud against Millennium and Relms (Count IX); (5) unjust enrichment against Millennium and Relms (Count X); and (6) breach of fiduciary duty against Millennium (Count XIV). On August 12, 2005, the Court denied the Landmark Defendants' motion to dismiss these claims. On December 5, 2005, counsel for Millennium and Relms filed a motion for leave to withdraw as counsel for

---

[3] For a complete description of ZCM's allegations, *see Zurich Capital Markets Inc. v. Coglianese*, 332 F. Supp. 2d 1087 (N.D. Ill. 2004); *see also Zurich Capital Markets Inc. v. Coglianese*, No. 03-7960, 2005 WL 1950653 (N.D. Ill. Aug. 12, 2005).

these two entities, and the Court subsequently granted it. On January 30, 2006, ZCM filed a motion for entry of default against Millennium and Relms and partial judgment by default against Millennium in favor of ZCM Asset Holding Company (Bermuda) Limited on Count X, ZCM's unjust enrichment claim.

## II. The Liquidator's Motion to Intervene[4]

### A. The Parties

The Liquidator is an accountant and partner of PricewaterhouseCoopers in the Bahamas. (R. 203-1; Intervention Complaint at ¶ 4.) He brings the motion to intervene as the official liquidator of M.J. Select. (*Id.*) Zurich Capital Markets Inc. ("ZCM Inc.") is a Delaware Corporation with its principal place of business in New York, New York. (*Id.* at ¶ 5.) ZCM Asset Holding Company (Bermuda) Limited ("ZCM Bermuda"), a Bermuda Corporation, is an affiliate of ZCM Inc. operating as a holding company for offshore investments. (*Id.* at ¶ 6.) ZCM Asset Holding Company LLC ("ZCM Asset"), a Delaware corporation, is a wholly owned subsidiary of ZCM Inc. operating as a holding company for onshore investments. (*Id.* at ¶ 7.) ZCM Matched Funding Corp. ("ZCM MFC"), a Delaware Corporation, is a wholly owned subsidiary of ZCM Inc. (*Id.* at ¶ 8.) Millennium is a foreign investment company organized under the laws of the Bahamas. (*Id.* at ¶ 10.) Relms is a corporation organized under the laws of the Bahamas. (*Id.* at ¶ 11.) Relms purportedly owns and is the investment manager for Millennium. (*Id.* at ¶ 10.)

---

[4] In this section, the Court cites to the Liquidator's allegations in support of his motion to intervene. *See Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995) ("we must accept as true the non-conclusory allegations of the motion [to intervene]").

3

### B. The Liquidator's Allegations

The Directors of M.J. Select filed a Petition for Winding Up in the Supreme Court of the Bahamas on September 7, 2001 due to M.J. Select's inability to satisfy its investors' redemption requests. (R. 203-1; Liquidator's Petition for Leave to Intervene at 3.) On October 10, 2001, the Supreme Court of the Bahamas entered an Order for the Winding Up of M.J. Select and appointed the Liquidator and Ishmael Lightborne as the Joint Official Liquidators of M.J. Select. (*Id*.) After Mr. Lightbourne resigned in August 2004, the Liquidator continued as M.J. Select's sole official liquidator. (*Id*.) The Liquidator alleges that Bahamian law authorizes him "to take control of the assets of the entity in liquidation and later to distribute its assets to claimants as determined and directed by the Bahamian Supreme Court in Liquidation Proceedings." (*Id*.) The Liquidator, on December 3, 2002, sent a letter together with a "Proof Investment Form" to all entities that appeared from M.J. Select's records to be shareholder/investors. (*Id*. at 4.) ZCM responded to the Liquidator's letter that it was a creditor of M.J. Select. (*Id*.) On December 11, 2002, the Liquidator initiated ancillary proceedings in the United States Bankruptcy Court of the Northern District of Illinois. (*Id*.) On April 2, 2002, the bankruptcy court entered an agreed preliminary injunction order prohibiting ZCM from seizing M.J. Select's assets in the United States. (*Id*.)

After ZCM filed its motion for default against Millenium and Relms, on February 14, 2006, the Liquidator moved to intervene in the proceedings before the Court. The Liquidator seeks leave to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2), and seeks leave to file his Intervention Complaint and Opposition Motion. The Liquidator alleges that ZCM's default judgment motion seeks to recover funds allegedly transferred from

M.J. Select to Millennium. (*Id*. at 6.) The Liquidator contends that ZCM "has no direct claim to these assets, but only through its investment in MJ Select and its redemption requests." (*Id*.) According to the Liquidator, the liquidation proceedings in the Bahamas will resolve ZCM's and other shareholder/investors' completing claims for these assets. (*Id*. at 7.) The Liquidator asserts that "[i]f ZCM is permitted to obtain and execute upon judgments directed at Millennium or Relms through these proceedings premised upon the transfer of MJ Select's assets to those entities, then the Official Liquidator and the other investors, shareholders and creditors of the Fund will be irreparably harmed because ZCM will be permitted to appropriate to itself a disproportionate share of a limited pool of assets that rightly should be collected and distributed for the benefit of all those who suffered losses arising from investments made into MJ Select." (*Id*.)

## ANALYSIS

### I. Legal Standard

The Liquidator seeks to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2).[5] Rule 24(a)(2) states:

> Upon timely application anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2). "There are four requirements for intervention of right under [Rule] 24(a) . . . (1) timeliness, (2) an interest relating to the subject matter of the main action, (3) at

---

[5] The Liquidator moves, in the alternative, for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b). Because the Liquidator is entitled to intervene as a matter of right, the Court need not reach the issue of permissive intervention.

least potential impairment of that interest if the action is resolved without the intervenor, and (4) lack of adequate representation by existing parties." *Reid L. v. Illinois State Bd. of Educ.*, 289 F.3d 1009, 1017 (7th Cir. 2002) (citing *Commodity Futures Trading Comm'n v. Heritage Capital Advisory Servs., Ltd.*, 736 F.2d 384, 386 (7th Cir. 1984)). "In evaluating the motion to intervene, the district court must accept as true the non-conclusory allegations of the motion and cross-complaint." *Lake Investors Dev. Group v. Egidi Dev. Group*, 715 F.2d 1256, 1258 (7th Cir. 1983) (citing *Central States, Se. and Sw. Areas Health & Welfare Fund v. Old Sec. Life Ins. Co.*, 600 F.2d 671, 679 (7th Cir. 1979)). "The burden is on the party seeking to intervene of right to show that all four criteria are met." *Reid L.*, 289 F.3d at 1017 (citations omitted). "[T]he district court must deny intervention of right" if the intervenor fails to meet any of the four requirements. *Id.* (citations omitted). The district court, however, should not dismiss a motion to intervene "unless it appears to a certainty that the intervenor is not entitled to relief under any set of facts which could be proved under the complaint." *Lake Investors Dev. Group*, 715 F.2d at 1258 (citations omitted).

## II.     Intervention as of Right

### A.     Timeliness

The Liquidator argues that his motion to intervene is timely because: (1) he had no reason to know that his or M.J. Select's interests were at risk before ZCM filed its motion for a default judgment against Millennium and Relms; (2) he moved to intervene approximately two weeks after ZCM filed the default judgment motion; (3) he will suffer prejudice if the Court does

6

not allow him to intervene; and (4) ZCM will suffer little to no prejudice from the intervention.[6]

ZCM, however, argues that the Liquidator's motion is untimely because although he has had actual knowledge of ZCM's suit since November 7, 2003, he did not move for leave to intervene until February 14, 2006. According to ZCM, the Liquidator filed his motion only after learning that Millennium had assets in Illinois. ZCM further asserts that it would be prejudiced by the intervention, but that the denial of intervention would not prejudice the Liquidator.

"The purpose of the [timeliness] requirement is to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal." *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000) (citations omitted). "Whether a motion to intervene was made in a timely fashion is determined by reference to the totality of the circumstances." *Shea v. Angulo*, 19 F.3d 343, 348 (7th Cir. 1994) (citing *Schultz v. Connery*, 863 F.2d 551, 553 (7th Cir. 1988)). "There are four factors that should be considered in making such a determination: (1) The length of time the intervenor knew or should have known of his interest in this case, (2) the prejudice to the original parties caused by the delay, (3) the resulting prejudice to the intervenor if the motion is denied, and (4) any unusual circumstances." *Id*. at 348-49 (citing *South v. Rowe*, 759 F.2d 610, 612 (7th Cir. 1985)). Determining whether a motion for intervention is timely is "committed to the sound discretion of the district judge." *South*, 759 F.2d at 612.

---

[6] The Liquidator also argues that his motion is timely because "[n]ow that Millennium is without counsel, it has become necessary for [the] Liquidator to intervene to protect the interests of the estate against certain investors." (R. 203-1; Liquidator's Petition for Leave to Intervene at 10.) In his reply brief, however, the Liquidator distances himself from this argument by clarifying that Millennium's counsel's withdrawal is only relevant "because it (1) coincided with the discovery that Millennium possessed assets that belong to the Fund, (2) triggered ZCM to file its Motion for Default Judgment . . . and (3) removed any question that Millennium adequately protects the Official Liquidator's interests." (R. 224-1; Liquidator's Reply at 5.)

### 1. The Length of Time the Liquidator Knew or Should Have Known of His Interest in the Case

The totality of the circumstances in this case support that the Liquidator timely filed the motion for intervention. The Liquidator argues that he did not know that he had an interest in the case until ZCM filed its motion for default judgment on February 14, 2006 seeking to obtain $1.4 million from Millennium because Millennium consistently denied that it had any assets, the Liquidator did not previously know of Millennium's purported assets in Illinois, and the April 2002 agreed preliminary injunction order prohibited ZCM from seizing M.J. Select's assets in the United States. At issue, however, is when the Liquidator learned that its "interest *might be* impaired." *Reich*, 64 F.3d at 321 (emphasis added). Here, the Liquidator knew that his "interest might be impaired" well before February 14, 2006. He admits that "[t]here is no dispute that [he] has known about ZCM's claims in this action since it was filed in November 2003." (R. 224-1; Liquidator's Reply at 4) (emphasis in original omitted.) Additionally, in the Landmark Defendants' motion to dismiss the Amended Complaint, filed on March 5, 2004, they challenged ZCM's standing to assert its unjust enrichment claim against Defendants, including Millennium, and argued that "to the extent that the amended complaint alleges that the Landmark Defendants retained any monies belonging to M.J. Select, the right to sue would belong to M.J. Select." (R. 45-1; Landmark Defs.' Mot. to Dismiss Am. Compl. at 4.) Furthermore, as the Liquidator acknowledges, the Court upheld ZCM's claims against Millennium and Relms on August 12, 2005. *See Zurich Capital Markets Inc.*, 2005 WL 1950653.

### 2. Prejudice to ZCM Resulting from the Delay

Although the first factor weighs in favor of finding that the Liquidator's motion to intervene was not timely, the Court must assess the possible prejudice to the parties to determine

timeliness. *See*, *e.g.*, *Reich*, 64 F.3d at 322 (examining prejudice to parties to assess timeliness of motion to intervene); *see also Aurora Loan Servs., Inc. v. Craddieth*, No. 05-1858, 2006 WL 827309, at *7 (7th Cir. Mar. 31, 2006) ("But in the absence of any indication of prejudice to the Craddieths or their third-party buyer-lender, the motion [for intervention] cannot be adjudged untimely as a matter of law."). The second factor weighs in favor of allowing the Liquidator to intervene because the Liquidator's delay would not prejudice ZCM. ZCM argues that allowing the Liquidator to intervene would prejudice it because it would introduce unrelated complex legal issues, which would threaten to unduly delay its recovery of funds from Millennium. The Court disagrees that the legal issues that the Liquidator seeks to raise are unrelated to the dispute between the original parties. Furthermore, any prejudice to ZCM that would result from the Liquidator's intervention would result simply by virtue of the Liquidator's involvement in the case, not from the Liquidator's delay in moving to intervene, as he filed his motion to intervene only fifteen days after ZCM filed its motion for default.

### 3. Resulting Prejudice to the Liquidator if the Court Denies Intervention

While the delay would not prejudice ZCM, denying the Liquidator the opportunity to intervene may impair his ability to protect his interests. The Liquidator asserts that he has a property interest in the specific funds that ZCM seeks to recover in its default judgment. Because it is possible that the assets ZCM seeks to recover actually belong to M.J. Select, prejudice to the Liquidator may result if the Court grants ZCM's motion for default judgment and awards ZCM the $1.4 million in damages it seeks to recover from Millennium. *See*, *e.g.*, *Lake Investors Dev. Group*, 715 F.2d at 1258 (the district court "should not [dismiss a motion to intervene] unless it appears to a certainty that the intervenor is not entitled to relief under any set

of facts which could be proved under the complaint." (citations omitted)).  Accordingly, the third factor weighs in favor of intervention.

### 4. Unusual Circumstances

Lastly, ZCM argues that there are two unusual circumstances that support denying the Liquidator's motion to intervene.  ZCM contends that it is unusual that the Liquidator "made no effort whatsoever to recover against Millennium or Relms" until after ZCM filed its motion for an entry of default, and that "the only parties who will benefit from any recovery made by the Liquidator are: (1) the Liquidator; (2) the Liquidator's Bahamian and U.S. Counsel; and (3) Oceanic." (R. 220-1; Mem. in Opp'n to Liquidator's Mot. to Intervene at 5) (emphasis in original omitted.)  The Liquidator's failure to promptly act to recover funds from Millennium and Relms does not, when taking into account all of the relevant circumstances, convince the Court that the motion to intervene is untimely.  Likewise, ZCM's mere assertion that the Liquidator is acting for the benefit of the Oceanic Defendants – not M.J. Select's shareholders, investors and creditors – does not provide the Court with a basis to deny intervention.

## B. Interest Relating to the Subject Matter of the Action

Next, the Court assesses whether the Liquidator has asserted an interest in the subject matter of the action.  The Seventh Circuit "require[s] that the potential intervenor's interest be a 'direct, significant legally protectable one.'"  *Reich*, 64 F.3d at 322 (citations omitted).  The focus of this inquiry is "on the issues to be resolved by the litigation and whether the potential intervenor has an interest in those issues."  *Id*.  The requisite interest "is something more than a mere 'betting' interest . . . but less than a property right."  *Security Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380-81 (7th Cir. 1995) (internal citations omitted).  "While a

10

mere economic interest may be insufficient to support the right to intervene, an intervenor's interest in a specific fund is sufficient to entitle intervention in a case affecting the fund." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995).

The Liquidator has demonstrated a sufficient interest in the subject matter of ZCM's lawsuit. He has both an interest in the merits and the specific property involved in the litigation. Specifically, he has an interest in the resolution of certain legal issues that are central to ZCM's unjust enrichment claim against Millennium and Relms. In their motion to dismiss ZCM's Second Amended Complaint, Millennium and Relms, along with other Defendants, argued that ZCM lacked standing to bring its unjust enrichment claim. In its August 12, 2005 Opinion, the Court held: "accepting [ZCM's] allegations as true, ZCM has sufficiently alleged that its investments were unique and has properly alleged standing." *Zurich Capital Markets Inc.*, 2005 WL 1950653, at *10. The Liquidator has an interest in the ultimate determination of whether or not ZCM's claims are derivative since such a determination resolves the precise issue of whether the funds in issue are the property of M.J. Select or whether they are the property of ZCM. This case, therefore, is distinguishable from *Meridian Homes Corp. v. Nicholas W. Prassas & Co.*, 683 F.2d 201 (7th Cir. 1982), where the intervenors were only interested in the profits from a joint venture, and had no interest in whether the joint venture continued to exist or dissolved, which was the matter at issue in the action.

Furthermore, the Liquidator's allegation that he has a interest in the same funds that ZCM seeks to recover through its default judgment is distinguishable "from a mere 'betting' interest in the outcome of a case." *Reich*, 64 F.3d at 322. A case involves a "betting" interest

when "a third party who has some outstanding monetary claim from one of the parties attempts to intervene to ensure that the outcome of the case preserves as much of its claim as possible." *Id*. Here, the Liquidator is not seeking to intervene only because he is concerned that the default judgment may result in a depletion of Millennium's assets, which would affect his ability to collect money from Millennium through the proceedings in the Bahamas. Instead, the Liquidator argues that the specific assets that ZCM seeks to collect belong to M.J. Select. The Liquidator's interest, therefore, is more closely akin to a property interest than a "betting" interest. *See*, *e.g.*, *Citibank, N.A. v. Park-Kenilworth Indus., Inc.*, 109 B.R. 321 (N.D. Ill. 1989) (holding that the trustee, who had a duty to protect the assets of the estate, had an interest in the subject matter of the action, where plaintiffs in the action sought to recover a valuable asset of the bankruptcy estate); *Mountain Top Condo Ass'n*, 72 F.3d at 368 ("[W]hile the [intervenors] may not have an interest in the merits of the claims pending [in the action] . . . they do have an interest in the property over which the court has taken jurisdiction. Clearly they have an interest in being heard with respect to the disposition of that fund."); *In re Discovery Zone Sec. Litig.*, 181 F.R.D. 582, 593-94 (N.D. Ill. 1998) (finding that the intervenor had an interest in the class plaintiffs' settlement fund).

Additionally, as ZCM acknowledges, the Court has invited the Liquidator to participate in certain mediation efforts involving the underlying lawsuit, and the Liquidator has in fact participated in such efforts. ZCM argues that "[i]n view of this opportunity to participate fully, there is simply no need for the Liquidator to become a formal party to the litigation in order to protect his interests." (R. 220-1; Mem. in Opp'n to Liquidator's Mot. to Intervene at 9.) The Liquidator's informal participation in mediation efforts does not provide a basis for the Court to

12

deny intervention. Instead, it demonstrates that the Liquidator has a direct interest in the litigation before the Court. For these reasons, the Liquidator has met his burden under Rule 24(a)(2) of showing that he has an interest in the subject matter of the litigation.

### C. Potential Impairment of the Liquidator's Interest

The existence of an interest in the litigation, without more, does not satisfy the requirements of Rule 24(a)(2). The Liquidator also has the burden of establishing "at least potential impairment of that interest if the action is resolved without [him]." *Reid L.*, 289 F.3d at 1017 (citations omitted). "The existence of 'impairment' depends on whether the decision of a legal question involved in the action would as a practical matter foreclose rights of the proposed intervenors in a subsequent proceeding." *Meridian Homes Corp.*, 683 F.2d at 204 (citations omitted). "Potential foreclosure is measured by the general standards of *stare decisis*." *Id.* (citations omitted) (italics added). "In some limited situations, the fact that the first action might deplete specific, identifiable funds before the court so as to make it unlikely that the proposed intervenor could be fully compensated has been considered sufficient impairment of interest to meet the Rule 24(a)(2) standard." *Jet Traders Inv. Corp. v. Tekair, Ltd.*, 89 F.R.D. 560, 569-70 (D. Del. 1981). In *In re Discovery Zone Sec. Litig.*, for example, the court held that allowing the proposed settlement to proceed without the intervenor "would, as a practical matter, significantly impair its interests [in an insurance and settlement fund] by imposing a severe damages cap." 181 F.R.D. at 594. Further, in *Mountain Top Condo Ass'n*, 72 F.3d at 368, the Third Circuit held that the disposition of the underlying dispute might impair the intervenors' interests because it might result in a reduction or complete depletion of particular insurance proceeds of which the intervenors were beneficiaries.

In this case, the Liquidator asserts that he has a property interest in the same funds that ZCM seeks to recover in its motion for default judgment and "that a default judgment against Millennium will jeopardize the Official Liquidator's interest in protecting its claim for funds invested in Millennium for the benefit of eligible investors." (R. 203-1; Liquidator's Petition for Leave to Intervene at 13.) The Liquidator has sufficiently alleged that the Court's ruling in the default judgment may, as a practical matter, impair his interest in protecting the assets of M.J. Select.[7] *See*, *e.g.*, *Citibank, N.A.*, 109 B.R. at 324-25 (permitting bankruptcy trustee to intervene where a judgment in favor of plaintiff in the litigation might result in the loss of a valuable asset of the bankruptcy estate).

### D. Lack of Adequate Representation

Finally, the Court must assess whether any existing party to the litigation adequately represents the Liquidator's interests. "[T]he Supreme Court in articulating the standard under this . . . element of Rule 24(a)(2) has stated that this 'requirement of the Rule is satisfied if the applicant shows that representation of his interest may be inadequate; and the burden of making that showing should be treated as minimal.'" *Lake Investors Development Group*, 715 F.2d at 1261 (citing *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10, 92 S. Ct. 630, 636

---

[7] ZCM argues that adjudicating the default judgment without the Liquidator would not impair the Liquidator's interests because an alternate forum is available for the Liquidator to pursue his claims against Millennium and Relms. According to ZCM, the Liquidator has already filed claims against Millennium and Relms in the Bahamas. Although an alternate forum may exist, "where a proposed intervenor's interest will be prejudiced if it does not participate in the main action, the mere availability of alternative forums is not sufficient to justify denial of a motion to intervene." *Commodity Futures Trading Comm'n*, 736 F.2d at 387 (citations omitted). Because the Liquidator has sufficiently alleged that the denial of intervention may prejudice him, the Court will not deny his motion to intervene on the basis that the Liquidator can seek certain relief in the Bahamas.

n.10, 30 L. Ed. 2d 686 (1972) (internal quotations omitted)). "[W]here it is established that the parties have the same ultimate objective in the underlying action, the intervenors must demonstrate, at the very least, that some conflict exists." *Meridian Homes Corp.*, 683 F.2d at 205 (citations omitted). The Liquidator has met this minimal burden. As an initial matter, ZCM acknowledges that Millennium does not represent the Liquidator's interests. (R. 220-1; Mem. in Opp'n to Liquidator's Mot. to Intervene at 3) (stating "the absurdity of Liquidator's premise that his interests had been represented by a defendant against which he now asserts an allegedly competing claim"). Furthermore, the fact that a default judgment is currently pending against Millennium and Relms indicates that these entities are not defending their own interests, let alone the interests of the Liquidator. *See Reich*, 64 F.3d at 323 (finding that a party subject to a default motion could not adequately represent the intervenor). Additionally, ZCM does not represent the Liquidator's interests. ZCM's objective in obtaining funds from Millennium directly conflicts with the Liquidator's objective in obtaining those same funds for the benefit of all of M.J. Select's investors, shareholders and creditors. Accordingly, the Liquidator meets the fourth requirement of Rule 24(a)(2). Because the Liquidator meets all four requirements of Rule 24(a)(2), he is entitled to intervene.

## CONCLUSION

For these reasons, the Liquidator's motion for leave to intervene and to file the Intervention Complaint and the Opposition Motion is granted.

Dated: April 25, 2006                    ENTERED:

_____
AMY J. STUEVE
United States District Court Judge